People v Mezon
2026 NY Slip Op 03886
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Ismael Mezon, Defendant-Appellant.

Decided and Entered: June 18, 2026
Ind No. 71710/23|Appeal No. 6918|Case No. 2025-01823|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Shiv Rawal of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Skylar A. Seabert of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Timothy W. Lewis, J.), rendered January 22, 2025, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him to three years probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $375 in surcharge and fees as a condition of his sentence, and otherwise affirmed.
Defendant did not validly waive his right to appeal since the court failed to adequately explain the nature of the appellate rights that he was waiving, particularly considering defendant's lack of experience with the criminal justice system (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302; People v Trulove, 238 AD3d 55, 61 [1st Dept 2025]). The court failed to properly describe an appeal, conflated the right to appeal with defendant's automatically forfeited trial rights, inaccurately described the claims that survived a waiver, suggested that the appeal waiver was required and was an absolute bar to taking an appeal and did not instruct him that he had the right to counsel on appeal. Moreover, the written waiver of appeal "was not a complete substitute for an on-the-record explanation of these rights" (People v Elvin, 242 AD3d 670, 670 [1st Dept 2025], lv denied 45 NY3d 936 [2026]), and, in any event, the court failed to ascertain whether defendant had reviewed the written waiver with his counsel, understood it, or read it (see Truelove, 238 AD3d at 61).
However, we find that the court providently ordered defendant (by condition 14) to "[s]upport his dependents and meet other family responsibilities" (Penal Law § 65.10[2][f]), since defendant has a young daughter that he is raising (see People v Rodriguez, 247 AD3d 612, 614 [1st Dept 2026]). We note that defendant's challenge to this condition does not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]).
Defendant's constitutional challenges to condition 14 and condition 7, the latter of which required him to "[a]void injurious or vicious habits," to "[r]efrain from frequenting unlawful or disreputable places," and not to "consort[] with disreputable persons" (Penal Law § 65.10[2][a], [b]), are unpreserved since he did not raise them before the trial court (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to reach them in the interest of justice.
Under the circumstances of this case, requiring the payment of the mandatory surcharge and fees imposed at sentencing is not reasonably related to his rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Rivera, 245 AD3d 445, 445-446 [1st Dept 2026]). Accordingly, that condition is stricken. We note that the People do not oppose this relief.
We perceive no basis for reducing the length of defendant's term of probation.
[*2]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026